Case 4:25-cv-00560   Document 46   Filed on 05/02/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BISHOP GLOBAL FAMILY TRUST, ROBERT BISHOP, TRUSTEE, CALARIELL JOHNSON BENEFICIARY, §§§§§§§§§§§§ | |
| *Plaintiffs*, | |
| VS. | CIVIL ACTION NO. 4:25-cv-0560 |
| MACKIE WOLF ZIENTZ & MANN, P.C., KARLA BALLI, ESTER GONZALEZ, SELECT PORTFOLIO SERVICING, INC, | |
| *Defendants*. | |

## ORDER

Pending before the Court are numerous motions: (1) a Motion to Dismiss filed by Defendants Mackie Wolf Zientz & Mann P.C. ("Mackie Wolf"), Ester Gonzalez, and Karla Balli (collectively, "the Attorney Defendants"), (Doc. No. 5); (2) a Motion to Remand filed by Plaintiff Bishop Global Family Trust, ("the Trust") (Doc. No. 6); (3) a Rule 12(f) Motion to Strike Defendants' Affirmative Defenses filed by Plaintiff, (Doc. No. 8); (4) "Objections" to Defendants' Answers to the Amended Complaint, (Doc. Nos. 21; 23); (5) a Motion to Strike Mackie Wolf's Defenses filed by Plaintiff, (Doc. No. 24); (6) a Motion to Compel Initial Disclosures from Mackie Wolf, (Doc. No. 26); (7) a Motion to Compel Initial Disclosures from Select Portfolio Servicing, Inc. ("SPS"), (Doc, No. 27); (8) an Emergency Temporary Restraining Order by Plaintiff, (Doc. No. 30); (9) a Motion to Expedite Ruling on the TRO by Plaintiff, (Doc. No. 32). The Court hereby **GRANTS** the Motion to Dismiss and **DISMISSES** all claims against Mackie Wolf and the Attorney Defendants with prejudice. (Doc. No. 5). Next, the Court **DENIES** the motion to remand. (Doc. No. 6). Finally, all remaining motions are **DENIED** without prejudice. Plaintiffs may refile their motions after establishing that they are appropriately represented before the Court.

I.  **BACKGROUND & PROCEDURAL POSTURE**

Plaintiffs' allegations seem to relate to a deed of trust and a foreclosure proceeding on a home located in the southwest area of Houston, Texas. (Doc. No. 9 at 1). Plaintiffs assert that Defendants "lack standing to foreclose on the property, have failed to produce the original wet-ink signature promissory note, have misrepresented their authority and have engaged in deceptive and unfair debt collection practices in violation of Texas and federal law." (*Id.* at 1–2). Specifically, Plaintiffs allege that Defendant Select Portfolio Servicing, Inc. ("SPS") does not have standing to foreclose on the property because it did not verify ownership and therefore its authority to collect on the payments, violated various provisions of the UCC, the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act, and infringed on Plaintiffs' constitutional right to Due Process under the Fourteenth Amendment. (*Id.* at 6–8).

Plaintiffs originally filed this suit in the 165th Judicial District Court of Harris County. (Doc. No. 1-2). Defendant subsequently removed to this Court, (Doc. No. 1), and Plaintiffs filed a Motion to Remand. (Doc. No. 6). Plaintiffs then, however, filed a First Amended Complaint raising additional federal statutory claims, (Doc. No. 9), to which Defendants answered. (Doc. Nos. 13, 14). Finally, Plaintiffs filed a Motion for an Emergency Temporary Restraining Order to halt the allegedly improper foreclosure sale set for May 6, 2025. (Doc. No. 30). After considering Plaintiffs' motion and discovering that the Trust and beneficiary were being represented by a non-attorney trustee, the Court ordered the Defendants to substantively respond to the motion for the TRO by April 29, 2025, and ordered the Plaintiffs to explain the status of their legal representation by the same day. Defendants filed their responses to the TRO, (Doc. Nos. 39, 40), but Plaintiffs' filings have been entirely unresponsive to the Court's order. Additionally, despite the Court's notice to the Plaintiffs that the Trust and co-beneficiary Calariell Johnson *cannot* be represented by the

Trustee Robert Bishop unless he is a lawyer barred in Texas and admitted to practice in the Southern District of Texas, each successive filing has been signed by Bishop on behalf of Plaintiff Bishop Global Family Trust.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual

3

allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### B. Motion to Remand

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Further, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### III. ANALYSIS

### A. Motion to Remand (Doc. No. 6)

Plaintiffs' Motion to Remand argues that, while SPS is a citizen of Utah, it has sufficient business ties to Texas to justify finding it at home here. (Doc. No. 6 at 2). Plaintiffs' argument confuses the analysis for personal jurisdiction under the Texas long-arm statute with the citizenship of a defendant for diversity purposes. Further, Plaintiffs' Original Petition in state court brought a cause of action for the violation of the Fourteenth Amendment's Due Process Clause, giving rise to federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1-4 at 8). Finally, on the same day that Plaintiffs filed the motion to remand, it filed a First Amended Complaint alleging numerous violations of 15 U.S.C. § 1692g(b) of the Fair Debt Collection Practices Act, also giving

rise to federal question jurisdiction. (Doc. No. 9 at 7–9). Thus, to the extent that Plaintiffs have not intentionally abandoned the motion to remand, it hereby is **DENIED**. (Doc. No. 6).

### B. Motion to Dismiss (Doc. No. 5)

The Attorney Defendants—which include the law firm Mackie Wolf Zientz & Mann P.C., and Mackie Wolf attorneys Ester Gonzalez and Karla Balli—filed a motion to dismiss the claims against them under the doctrine of attorney immunity. (Doc. No. 5). Plaintiffs allege that the Attorney Defendants failed to appropriately communicate with Trustee Robert Bishop and initiated the foreclosure proceedings without their client, SPS, establishing the proper authority to foreclose. (Doc. No. 9 at 7). In the motion, Defendants argue that attorney immunity renders them immune from civil liability to non-clients when acting within the scope of their representation. (Doc. No. 5 at 3). In response, Plaintiffs argue that the motion to dismiss is "procedurally improper" because Mackie Wolf is "still listed as a defendant in the official court filings" and Mackie Wolf "cannot simultaneously remain a Defendant in this case while seeking dismissal without properly withdrawing . . . ." (Doc. No. 7 at 2).

To start, the Court does not find the motion to be procedurally improper on the grounds that the Attorney Defendants are "still listed as defendants." A motion to dismiss is one of the procedurally appropriate ways for them to be removed from the case. *See generally* FED. R. CIV. PRO. 12.

Second, the Court finds that attorney immunity does apply under Texas law. In *Cantey Hanger, LLP v. Byrd*, the Supreme Court of Texas held that, "as a general rule, attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." 467 S.W.3d 477, 481 (Tex. 2015) (quotations omitted). The immunity inquiry "focuses on the *kind* of conduct at issue rather than the *alleged wrongfulness* of said conduct."

*Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 657 (Tex. 2020) (citing *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018)). Under this analysis, a lawyer is not more liable for actions taken in furtherance of representation merely because they are alleged to be fraudulent or otherwise wrongful. *Bethel*, 595 S.W.3d at 657.

The Supreme Court has recognized, however, that attorney immunity is not boundless. An attorney is not immune from suit for participating in criminal or "independently fraudulent activities" that fall outside the scope of the attorney's representation of a client. *Cantey Hanger*, 467 S.W.3d at 483. For example, immunity does not apply when an attorney participates in a fraudulent business scheme with their client or knowingly facilitates a fraudulent transfer to help their clients avoid paying a judgment. *Id.* at 482. Immunity also does not apply when an attorney's actions do not involve "the provision of legal services"—for example, when an attorney assaults opposing counsel. *Id.* Here, however, the Court does not find that any pertinent exception applies.

The allegations against the Attorney Defendants are that they "participated in wrongful foreclosure," "violated the TDCA and FDCPA by improperly attempting to collect a debt," and "ignore[ed] cease-and-desist notices and foreclosure dispute requests." (Doc. No. 7 at 4). While these allegations, if true, may constitute improper conduct, they are plainly taken in "the provision of legal services" on behalf of a client. *See Cantey Hanger*, 467 S.W.3d at 482. Plaintiffs identify the Attorney Defendants solely through their representation of SPS, and Plaintiffs have not alleged any actions taken outside the scope of said representation. *See Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 187 (5th Cir. 2021) (affirming dismissal with prejudice of suit against mortgage servicer's attorneys based upon attorney immunity); *Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014) ("We have previously held that [a firm] has immunity for its acts as foreclosure counsel."); *Van Hauen v. Wells Fargo Bank, N.A.*, 2012 WL 4092590 at *3

(E.D. Tex. Aug. 16, 2012) (holding that attorney immunity applied in a substantially similar case because "the conduct of providing legal oversight and assistance with the enforcement of security instruments in real property requires the professional training, skill, and expertise of an attorney"). As such, the Attorney Defendants are immune from civil liability for these actions. Therefore, the Motion to Dismiss is **GRANTED** and all claims against Mackie Wolf, Ester Gonzalez, and Karla Balli are **DISMISSED** with prejudice. (Doc. No. 5).

*C. All Remaining Motions (Doc. Nos. 8, 16, 21, 23, 24, 30, 32)*

In the federal courts of the United States, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Although individuals have the right to represent themselves or proceed pro se under this statute, "individuals who do not have a law license may not represent other parties in federal court even on a next friend basis." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). This applies to corporations and trusts as well. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. Trowbridge*, 251 F.3d 157, 157 (5th Cir. 2001) ("[A] non-attorney is not entitled to represent a trust in federal court.").

It has come to the Court's attention that Plaintiffs Bishop Family Global Trust and Beneficiary Calariell Johnson are being represented by a non-lawyer claiming to be the Trustee and co-beneficiary of the Trust. The Court ordered the Trust to state the qualifications of Trustee Robert Bishop to represent either the Trust or Johnson in its April 24, 2025 Order. (Doc. No. 31). Since the Court's order, Bishop has now signed twelve filings, none of which address his competency to represent the Trust or his alleged co-beneficiary before this Court.[1] Accordingly, all remaining motions are hereby **DENIED** without prejudice. Plaintiffs are free to refile its

---

[1] If Bishop is not a lawyer, he is practicing law without a license. Moreover, his filings also lack accuracy. The Court has found numerous citations to cases that do not exist, and mischaracterizations of cases that do exist.

motions once it has complied with the Court's order on the status of representation, if they are properly represented.[2]

### IV.  CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiffs' Motion to Remand. (Doc. No. 6). Further, the Court **GRANTS** the Motion to Dismiss filed by Defendants Mackie Wolf, Ester Gonzalez, and Karla Balli. (Doc. No. 5). All claims against those Defendants are hereby **DISMISSED** with prejudice. Finally, all remaining motions are **DENIED** without prejudice until such time as Plaintiff Bishop Family Global Trust complies with the Court's order, (Doc. No. 31), concerning Robert Bishop's competence to represent the Trust and Johnson. (Doc. Nos. 8, 16, 21, 23, 24, 30, 32).

Signed this 2nd day of May, 2025.

Andrew S. Hanen
United States District Judge

---

[2] The Court notes that, even if Bishop is not a lawyer, he is able to represent himself in any individual claims he has against SPS. In the First Amended Complaint, however, Bishop states that he brings this suit on behalf of the property owned by the Trust because he is the Trustee/Beneficiary and has an obligation to protect Trust assets. (Doc. No. 9 at 5). Therefore, according to his own pleading, he is acting on behalf of the Trust. As such, the Court does not find that there are any individual claims of Bishop that he is permitted to litigate on his own behalf.