United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BISHOP GLOBAL FAMILY TRUST, | § | |
| ROBERT BISHOP, TRUSTEE, CALARIELL | § | |
| JOHNSON BENEFICIARY, | § | |
| | § | |
| *Plaintiffs*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-cv-0560 |
| | § | |
| SELECT PORTFOLIO SERVICING, INC, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

Pending before the Court are numerous motions: (1) a Motion for Reconsideration filed by Plaintiff Calariell Johnson, (Doc. No. 47); (2) Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 50); (3) Plaintiff's Motion to Add a Third-Party Defendant, (Doc. No. 51); (4) Plaintiff's Emergency Motion to Enjoin the Transfer of Property, (Doc. No. 52); and (5) Plaintiff's Motion to Declare the Foreclosure Sale Void, (Doc. No. 54). In order, the Court hereby (1) **DENIES** the Motion to Reconsider, (Doc. No. 47); (2) **DENIES** the Motion to Enjoin the Transfer of the Property, (Doc. No. 52); (3) **DENIES** the Motion to Declare the Foreclosure Sale Void, (Doc. No. 54), (4) **GRANTS** the Motion for Leave to File an Amended Complaint, (Doc. No. 50); and (5) **GRANTS** the Motion to Join an Additional Party, (Doc. No. 51).

### I.   BACKGROUND & PROCEDURAL POSTURE

When the case was filed, Plaintiffs included Bishop Global Family Trust, Robert Bishop in his capacity as Trustee, and Calariell Johnson in her individual capacity. Plaintiffs' allegations seem to relate to a deed of trust and a foreclosure proceeding on a home located in the southwest area of Houston, Texas. (Doc. No. 9 at 1). Plaintiffs asserted that Defendants "lack standing to

foreclose on the property, have failed to produce the original "wet-ink" signature promissory note, have misrepresented their authority and have engaged in deceptive and unfair debt collection practices in violation of Texas and federal law." (*Id.* at 1–2). Specifically, Plaintiffs allege that Defendant Select Portfolio Servicing, Inc. ("SPS") does not have standing to foreclose on the property because it did not verify its authority to collect on the payments, and that the Lawyer Defendants—who were previously dismissed—violated various provisions of the UCC, the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act, and infringed on Plaintiffs' constitutional right to Due Process under the Fourteenth Amendment. (*Id.* at 6–8).

Plaintiffs originally filed this suit in the 165th Judicial District Court of Harris County. (Doc. No. 1-2). Defendant subsequently removed to this Court, (Doc. No. 1), and Plaintiffs filed a Motion to Remand. (Doc. No. 6). Plaintiffs then filed a First Amended Complaint raising additional federal statutory claims, (Doc. No. 9), to which Defendants answered. (Doc. Nos. 13, 14). Finally, Plaintiffs filed a Motion for an Emergency Temporary Restraining Order to halt the allegedly improper foreclosure sale set for May 6, 2025. (Doc. No. 30). After considering Plaintiffs' motions, the Court discovered that the Trust was being represented by a non-attorney trustee, Robert Bishop. The Court ordered the Defendants to substantively respond to the motion for the TRO and ordered the Plaintiffs to explain the status of their legal representation by the same day. Defendants responded to the TRO, (Doc. Nos. 39, 40). The Plaintiffs also complied in part, but their filings were unresponsive to the Court's order. The Court gave notice to the Plaintiffs that the Trust and co-beneficiary Calariell Johnson could not be represented by the Trustee Robert Bishop unless he is admitted to the Texas bar (or granted *pro hac vice* status) and admitted to practice in the Southern District of Texas. Nevertheless, each successive filing was signed by Bishop on behalf of Bishop Global Family Trust.

2

The Lawyer Defendants—Mackie Wolf Zientz & Mann P.C., Karla Balli, and Ester Gonzalez—filed a motion to dismiss Plaintiff's claims against them, which the Court granted. (Doc. No. 46). The Court then denied all of Plaintiffs' remaining motions without prejudice, allowing Plaintiffs to refile once they fixed the status of their representation. (*Id.*). Plaintiff Calariell Johnson has since filed several motions, including a motion to reconsider the Court's denial without prejudice of Plaintiff's motions, in which she argued that Robert Bishop only appeared as a representative of the Trust but that she was representing herself *pro se*. (Doc. No. 47 at 2). Plaintiff Calariell Johnson then moved to dismiss all claims brought by the Bishop Global Family Trust and Robert Bishop as Trustee, (Doc. No. 49), which the Court granted. (Doc. No. 53). Finally, Plaintiff, filing *pro se*, moved to enjoin the foreclosure sale purchaser from taking possession of the home, and a motion to declare the foreclosure sale void. (Doc. Nos. 52; 54). Defendant Select Portfolio Services responded in opposition to each motion. (Doc. No. 56; 59).

## II.   LEGAL STANDARDS

### A.  Motion to Reconsider

Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

### B. Motion for Judgment on the Pleadings

A motion brought pursuant to Federal Rule of Civil Procedure 12(c) should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law. *Greenberg v. General Mills Fun Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010); *Guidry v. American Public Life Insurance Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *Van Duzer v. U.S. Bank Nat. Ass'n*, 995 F. Supp. 2d 673, 683 (S.D. Tex. 2014), *aff'd*, 582 Fed. Appx. 279 (5th Cir. 2014).

### C. Motion for Preliminary Injunction

A preliminary injunction is an extraordinary remedy that should only be granted if the movant has clearly carried the burden of persuasion on all four factors. *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). The movant need not prove its entire case. *Lakedreams v. Taylor*, 832 F.2d 1103, 1109 (5th Cir. 1991). To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018).

### D. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that amendments to a complaint may be made once as a matter of course within 21 days of serving it, and after that, only by leave of court or with the consent of the opposing party. *See* FED. R. CIV. P. 15(a). Under Rule 15(a), the "court

should freely give leave when justice so requires." *Id.* Leave to amend is not automatic, however—the Fifth Circuit has consistently affirmed denials of motions to amend where the amendment would be futile. *Turner v. Pan. Am. Life Ins. Co.*, 478 F. App'x 915, 916 (5th Cir. 2012).

## III.    ANALYSIS

### A.    *Motion to Reconsider (Doc. No. 47)*

Plaintiff's motion to reconsider asks the Court to reverse its denial without prejudice of several prior motions based on Plaintiff Calariell Johnson's ability to represent herself. The Court denied these motions without prejudice based on Plaintiff's failure to comply with the Court's order to clarify the status of their legal representation. (Doc. No. 46). So, the motions at issue are either seeking to strike the Answers and Counterclaims of defendants who have already been dismissed, (Doc. Nos. 16; 24), or are now moot, (Doc. Nos. 8; 24; 30; 32). The only motion still plausibly relevant is Plaintiff's Motion to Strike Defendants' affirmative defenses. (Doc. No. 21). Nevertheless, because the Court is granting Plaintiff's Motion to File an Amended Complaint, this motion will be necessarily rendered moot as well. Thus, Plaintiff has not shown a manifest error of law or that the interest of justice supports the Court's reconsideration of its prior order. Plaintiff's Motion to Reconsider is therefore **DENIED**. (Doc. No. 47).

### B.    *Motion to Declare Foreclosure Sale Void (Doc. No. 54)*

Plaintiff filed a "Supplemental Objection to Foreclosure Sale and Motion to Declare Sale Void or Voidable." (Doc. No. 54). Though not made explicitly clear, the requested relief implies that Plaintiff is, in essence, filing a Rule 12(c) Motion for Judgment on the Pleadings relating to her wrongful foreclosure claim.

The same standard applicable to a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is applied to a motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). *Guidry*, 512

F.3d at 180. The motion is typically not granted unless a party shows that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *See* 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004). Plaintiff has not adequately pleaded her wrongful foreclosure claim and, therefore, the Court cannot grant her a judgment declaring the foreclosure sale to be void.

In Texas, the elements of a wrongful foreclosure claim are "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi–Edinburg, 2008, no pet.); *see also Sotelo v. Interstate Fin. Corp.*, 224 S.W.3d 517, 523 (Tex. App.—El Paso, 2007, no pet.) ("The elements of wrongful foreclosure are (1) an irregularity at the sale; and (2) the irregularity contributed to an inadequate price."). A claim for "wrongful foreclosure" is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect. Texas courts have yet to recognize a claim for "attempted wrongful foreclosure." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *see also Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986) ("In a wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of foreclosure and the remaining balance due on the indebtedness.").

Since a grossly inadequate selling price is a necessary element of a wrongful foreclosure action under Texas law, a foreclosure sale is a precondition to recovery. Plaintiff's First Amended Complaint only alleges that Defendants undertook wrongful conduct in preparation for foreclosure. It does not allege that a foreclosure sale occurred or that the price that was paid was inadequate. Plaintiff has therefore failed to plead a plausible claim for wrongful foreclosure. *See,*

*e.g.*, *Smith v. J.P. Morgan Chase Bank N/A*, 2010 WL 4622209, at \*2–3 (S.D. Tex. Nov. 4, 2010) (dismissing wrongful foreclosure claim under Rule 12(b)(6) where no foreclosure sale occurred, because of failure to state claim recognized under state law). Plaintiff's Motion to Declare the Foreclosure Sale Void is therefore **DENIED**. (Doc. No. 54).

    *C. Motion for Preliminary Injunction*

    Plaintiff moved for an injunction to prevent the foreclosure sale purchaser from taking possession of her home. (Doc. No. 52). Plaintiff primarily argues that the foreclosure sale was conducted without proper authority and involved violations of Federal debt collection statutes. (*Id.* at 3). Nevertheless, Plaintiff's claim to prevent the foreclosure sale purchaser from taking possession again turns on her likelihood of success on the merits of her wrongful foreclosure claim.

    A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the movant must establish that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

    Here, Plaintiff fails to establish the first prong. To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011). The first element is assessed by looking at standards provided by substantive law. *Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d

356, 358 (5th Cir. 1990). While Plaintiff again alleges Defendant's wrongful conduct and procedural defects, she does not address the other two elements of a wrongful foreclosure claim. Since Plaintiff has not even alleged a adequate claim for wrongful foreclosure, she certainly has not carried the burden of persuasion on all four elements required for injunctive relief. Thus, Plaintiff's Emergency Motion for Preliminary Injunction to Enjoin Transfer of Possession is **DENIED**. (Doc. No. 52).

D. *Motion to File Second Amended Complaint and Motion to Join Additional Defendant*

Finally, Plaintiff has filed a Motion to File an Amended Complaint, (Doc. No. 50), and a Motion to Join and Additional Party, (Doc. No. 51). Unless there is a "substantial reason," such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party, the Court should grant leave to amend. *Dussoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend is not automatic, however—the Fifth Circuit has consistently affirmed denials of motions to amend where the amendment would be futile. *Turner v. Pan. Am. Life Ins. Co.*, 478 F. App'x 915, 916 (5th Cir. 2012).

The Court does not find that amending Plaintiff's Complaint would be futile. The relief Plaintiff seeks turns on her claim of wrongful foreclosure. Accordingly, Court denied her motions to void the foreclosure sale and enjoin the loss of her property due to her failure to adequately plead a wrongful foreclosure claim. Further, Plaintiff's live pleading was filed before the foreclosure sale took place. Thus, an amended complaint that sufficiently alleges each element of a wrongful foreclosure claim, though likely insufficient to preclude the enforcement of a forcible detainer action, might allow Plaintiff the opportunity to eventually recover damages if she prevails on a wrongful foreclosure claim.

Granting leave to amend would also provide Plaintiff with the relief she seeks in her motion to add a new defendant. (Doc. No. 51). Plaintiff's motion for leave to amend states that she seeks to bring additional claims against the foreclosure sale purchaser, Honest Land, LLC—the same entity named in her joinder motion. By granting leave to amend her complaint, Plaintiff's motion to add Honest Land is also effectively granted. The Court adds that, by granting leave to amend her complaint and add an additional party, is it not commenting on either the merits of the potential claims or the liability of the new party. As such, the Motions for Leave to Amend and to Join Additional Party are **GRANTED**. (Doc. No. 50; 51).

IV.    CONCLUSION

In sum, the Court hereby (1) **DENIES** the Motion to Reconsider, (Doc. No. 47); (2) **DENIES** the Motion to Enjoin the Transfer of the Property, (Doc. No. 52); (3) **DENIES** the Motion to Declare the Foreclosure Sale Void, (Doc. No. 54), (4) **GRANTS** the Motion for Leave to File an Amended Complaint, (Doc. No. 50); and (5) **GRANTS** the Motion to Join an Additional Party, (Doc. No. 51).

Signed this 10 day of July, 2025.

Andrew S. Hanen
United States District Judge