Case 4:25-cv-00560   Document 89   Filed 02/26/26 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BISHOP GLOBAL FAMILY TRUST, *et al.*, | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-00560 |
| MACKIE WOLF ZIENTZ & MANN P.C., *et al.*, | § § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion for Summary Judgment. (Doc. No. 87). Plaintiffs Calariell Johnson ("Johnson") and Robert Bishop ("Bishop") (collectively, "Plaintiffs") did not file a response and the time for doing so has passed. Having considered the motion and the applicable law, the Court GRANTS SPS' Motion for Summary Judgment. (Doc. No. 87).

### BACKGROUND

The relevant procedural background of this case was recently laid out in a prior order, so the Court will only briefly relay the facts most relevant to the issues presented here.

This case relates to a residential mortgage in default provided to Calarielli Johnson ("Borrower") that ultimately resulted in a foreclosure on property located at 5639 Tiger Lilly Way, Houston, Texas 77085 ("Property"). Non-party, Wilmington Savings Fund Society, FSB, solely as Owner Trustee of CSMC 2018-RPL3 Trust ("Trustee") is the mortgagee for the subject mortgage. (Doc. No. 87-6 at 2). SPS is and has been the mortgage service company for Trustee at

all relevant times. (*Id.*). Plaintiffs plead that title to the Property was conveyed to the "Bishop Global Family Trust" and recorded in the Harris County Real Property Records on October 13, 2022. (Doc. No. 63 at ); (Doc. No. 63-1 at 15–22) ("Warranty Deed; Notice of Trust"). On May 6, 2025, a foreclosure sale was completed, at which the Property was sold to Honest Land, LLC ("Honest Land").

Plaintiffs specifically allege that SPS "violated their constitutional rights to due process under the Fourteenth Amendment, lacked standing to foreclose, failed to produce the original wet-ink promissory note as required to enforce a negotiable instrument under [the UCC], and acted without legal authority to conduct the foreclosure sale." (Doc. No. 63 at 2). Further, Plaintiffs maintain claims against SPS for violations of the Texas Debt Collection Act ("TDCA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Fair Credit Reporting Act ("FCRA"), as well as unjust enrichment and recoupment of payments (*Id.* at 2, 11–14, 19–20, 22–23). Plaintiffs seek a declaratory judgment against SPS and Honest Land that the foreclosure sale "was legally defective due to lack of standing, failure to validate the debt, absence of the original note, and disregard of ongoing federal litigation." (*Id.* at 20–21). Lastly, Plaintiffs maintain a claim against Honest Land for "abuse of process, harassment, and injunctive relief." (*Id.* at 23–26).

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

This Court's Local Rules state that "[f]ailure to respond to a motion will be taken as a representation of no opposition." S. Dist. Tex. L.R. 7.4; *see also* Hanen L.R. 7(D). As stated above, Plaintiffs failed to respond to Defendant's motion by the Court's October 9, 2025, deadline. Therefore, the local rules would allow the Court to grant Defendant's motion as it should be considered unopposed.

Nevertheless, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (citing *Johnson v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210,

1213–14 (5th Cir. 1980)). In other words, where a party does not respond to a summary judgment motion, such failure does not permit the court to enter a "default" summary judgment. *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). Thus, the Court will consider the merits of Defendant's motion.

## ANALYSIS

In its Motion for Summary Judgment, SPS argues that all of Plaintiffs' claims against SPS fail as a matter of law and should be dismissed. (Doc. No. 87 at 3).

### I.    Plaintiffs' FDCPA Claim

First, SPS asserts that Plaintiffs' FDCPA claim fails because Plaintiffs "have not established that they disputed the subject debt within 30 days of the initial communication from Defendant and cannot otherwise come forward with any evidence that Defendant has violated the FDCPA or that any such violation has caused them damages." (Doc. No. 87 at 7). SPS further maintains that Bishop was not the Borrower under the mortgage, "neither Plaintiffs had title to the Property at any material time to their allegations," and "Plaintiffs have not established that Defendant is a 'debt collector'" under the FDCPA. (*Id.* at 8). In their Second Amended Complaint, Plaintiffs assert that SPS "acted as a 'debt collector'" under 15 U.S.C. § 1692g of the FDCPA by attempting to collect debt from Plaintiffs and, therefore, when Plaintiffs "submitted a formal written dispute, demand for debt validation, and cease and desist notice to SPS" on January 13, 2025, SPS had a duty to "cease all collection activities . . . until proper validation of the debt was provided." (Doc. No. 63 at 11–12).

Plaintiffs' inability to at least raise a fact issue as to whether SPS is a "debt collector" subject to the FDCPA is fatal to their claim. Under the FDCPA, a "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692a(6)(A).

The Fifth Circuit has repeatedly held that a mortgage servicing company, like SPS, is not a "debt collector" under the FDCPA. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include . . . a mortgage servicing company" (citing S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S.Code Cong. & Ad.News 1695, 1698)); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008) (unpublished) ("Mortgage companies collecting debts are not 'debt collectors.'"); *Oden v. JPMorgan Chase Bank, N.A.*, 2012 WL 1610782, at *2 (S.D. Tex. May 8, 2012) ("Generally, mortgage companies and loan servicers are not debt collectors under the FDCPA."); *Akintunji v. Chase Home Fin., L.L.C.*, 2011 WL 2470709, at *3 (S.D. Tex. June 20, 2011) (same).

Accordingly, since SPS is not a "debt collector" as defined by the FDCPA, Plaintiffs' claim fails as a matter of law. The Court grants SPS' Motion for Summary Judgment regarding Plaintiffs' FDCPA claim.

## II.     Plaintiffs' TDCA Claims

Plaintiffs argue that SPS, acting as a debt collector, violated two provisions of the TDCA by making false representations to collect Plaintiffs' debt. First, SPS allegedly violated Section 392.304(a)(8) by "disregarding Plaintiffs' submitted financial instrument and formal dispute, and by proceeding with foreclosure without verifying the validity of the alleged debt." (Doc. No. 63 at 13). Second, Plaintiffs accuse SPS of violating Section 392.304 (a)(19) by "[f]ailing to properly

validate the debt upon written request;" "[p]roceeding with foreclosure despite active and unresolved disputes;" "[i]mplying it had lawful authority to foreclose without producing the original note and a complete chain of title;" "[i]gnoring Plaintiffs' Notice of Dispute and Cease and Desist;" and "[m]isrepresenting the debt's enforceability in communications and notices." (*Id.* at 13–14). Plaintiffs assert that such conduct caused them "emotional distress, credit damage, legal expenses, and interference with their peaceful possession and enjoyment of the property." (*Id.*).

SPS contends that Plaintiffs' TDCA claims fail because Plaintiffs "have not and cannot come forward with evidence" that raises an issue of material fact as to any of the essential elements for their claim under the TDCA. (Doc. No. 87 at 9). Specifically, SPS asserts that (1) there is no evidence that SPS made any misrepresentations to Plaintiffs; and (2) Plaintiffs' payment obligations were in default at all material times, meaning Trustee had standing to foreclose on the Property as the mortgagee. (*Id.* at 9–10).

Sections 392.304(a)(8) and (19) state that "in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that . . . (8) misrepresent[s] the character, extent, or amount of a consumer debt; . . . [or] (19) us[es] any other false representation or deceptive means." Tex. Fin. Code Ann. §§ 392.304(a)(8),(19). To state a claim under the TDCA, a plaintiff must show that: "(1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act." *Katz v. JP Morgan Chase Bank Nat. Ass'n*, 2013 WL 6709178, at *3 (S.D. Tex. Dec. 18, 2013).

Even assuming all facts pled by Plaintiffs in their Complaint, and that SPS qualifies under the TDCA's more relaxed definition of "debt collector,"[1] Plaintiffs have failed to provide evidence that SPS "misrepresented" any aspect of Plaintiffs' debt. Plaintiffs' TDCA claim essentially reasserts that SPS failed to validate Plaintiffs' debt and, thus, improperly proceeded with foreclosure. This, however, does not constitute a misrepresentation under the TDCA. For a statement to constitute a misrepresentation, a defendant must have "made a false or misleading assertion." *Reynolds v. Sw. Bell Tel., L.P.*, 2006 WL 1791606, at *7 (Tex.App.–Fort Worth June 29, 2006, pet. denied). Here, SPS provided Plaintiffs with letters informing them (i) that they had a mortgage debt; (ii) of the specific amount they owed; and (iii) that they had defaulted. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir.2013); *see* (Doc. Nos. 87-6, 87-7). Nothing in Plaintiffs' allegations suggest that SPS led them to think differently—only that Plaintiffs themselves thought differently despite SPS' letters.

Additionally, Plaintiffs do not provide evidence of any specific deceptive acts or practices by SPS that could constitute a violation of Section 392.304 (a)(19). Section 392.304(a)(19) is a catch-all provision that prohibits a debt collector from using any other false representation or deceptive means to collect a debt. Tex. Fin. Code § 392.304(a)(19). At best, Plaintiffs allege that SPS improperly implied it had "authority to foreclose without producing the original note and a complete chain of title" and "misrepresent[ed] the debt's enforceability in communications and notices." (Doc. No. 63 at 14). SPS, however, has provided evidence that (1) Trustee was the mortgagee under the loan; (2) it never waived its contractual right to foreclose, and (3) the

---

[1] The TDCA defines "debt collector" as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Tex. Fin. Code Ann. § 392.001(6).

mortgage was in default at all relevant times. (Doc. Nos. 87-6, 87-7, 87-8, 87-9). SPS demonstrated that Trustee had authority to enforce the debt through foreclosure on the Property.

SPS, therefore, provided sufficient evidence to meet its initial summary judgment burden regarding Plaintiffs' TDCA claims. SPS provided evidence that it did not make any misrepresentations or use other deceptive means in collecting Plaintiffs' debt. The burden thus shifted to Plaintiffs – Plaintiffs did not provide any evidence to support the existence of a genuine issue of material fact regarding SPS' alleged misrepresentations or deceptive acts. Accordingly, Plaintiffs' TDCA claims fail. The Court grants SPS' Motion for Summary Judgment regarding Plaintiffs' TDCA claims.

### III. Plaintiffs' Wrongful Foreclosure Claim

SPS argues that Plaintiffs' wrongful foreclosure claim fails because (1) SPS is the mortgage servicer and not the mortgagee; (2) Plaintiffs "did not have title to the Property at the time of the foreclosure sale" so they do not have standing; and (3) "even if the Court determines that Plaintiffs have standing to pursue a wrongful foreclosure claim and that Defendant is somehow the proper defendant," Plaintiffs cannot prove the necessary elements for a wrongful foreclosure claim. *See* (Doc. No. 87 at 11–12).

Under Texas law, the elements of a wrongful foreclosure claim are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex.App.–Houston [14th Dist.] 1989, writ denied)). Plaintiffs' allegation regarding a "defect in the foreclosure sale" rests on SPS' alleged failure to produce the original promissory note and its resulting lack of standing to enforce the debt. *See*

(Doc. No. 63 at 14–15). As proof of a grossly inadequate selling price, Plaintiffs assert that the Property sold for only $156,000, despite "a recent appraised market value of $243,403." (*Id.* at 15). To establish the "casual connection" between these, Plaintiffs contend that the selling price was "the direct result of a rushed foreclosure process aimed for profit rather than legal compliance, transparency, or fairness." (*Id.* at 17).

The Court finds that Plaintiffs do not have standing to pursue a wrongful foreclosure claim. "As a general rule, only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988). Plaintiff Johnson, as SPS concedes, is the "Borrower," or mortgagor, under the mortgage loan. (Doc. No 87 at 3). In Plaintiffs' Complaint, however, Plaintiffs affirmatively plead that title to the Property was conveyed to the "Bishop Global Family Trust" and recorded in the Harris County Real Property Records on October 13, 2022. (Doc. No. 63 at ); (Doc. No. 63-1 at 15–22) ("Warranty Deed; Notice of Trust"). Thus, when the foreclosure sale was completed on May 6, 2025, Johnson did not hold title to the Property. Additionally, Plaintiff Bishop is neither the borrower under the Loan, nor does he claim to have ever had title to the Property. Accordingly, Plaintiffs have not identified a legal or equitable interest in the Property that would allow them to bring this wrongful foreclosure claim against SPS.

Additionally, Plaintiffs' wrongful foreclosure claim would also fail because Plaintiffs have not provided evidence of "a defect in the foreclosure sale proceedings." *Sauceda*, 268 S.W.3d at 139. The only "defect" Plaintiffs appear to assert is SPS' alleged failure to produce the original promissory note. Under Texas law, however, "a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note." *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x

354, 356 (5th Cir. 2013). SPS provides the recorded mortgage assignments establishing Trustee's status as the current mortgagee under the loan. *See* (Doc. No. 87-4 at 1–6) (showing an unbroken chain of recorded assignments leading to the Deed of Trust being assigned to Trustee). Plaintiffs provide no evidence to the contrary. Accordingly, Trustee, and SPS as its mortgage servicer, were permitted to foreclose on the Property without holding the note.

Since Plaintiffs do not have standing to bring a wrongful foreclosure claim and they also have not provided evidence of a defect in the foreclosure proceedings, Plaintiffs' wrongful foreclosure claim fails as a matter of law. The Court grants SPS' Motion for Summary Judgment regarding Plaintiffs' wrongful foreclosure claim.

### IV. Plaintiffs' UCC Claims

SPS maintains that Plaintiffs' claims under UCC § 3-501 and § 3-603 must fail because Plaintiffs have provided no evidence of "satisfaction of the amount due under the subject loan or any tender of valid payment" and "the UCC does not govern the subject mortgage." (Doc. No. 87 at 12–13).

The Court agrees with SPS that Plaintiffs' UCC claims must fail as a matter of law. Since the Deed of Trust places a lien on real property, the UCC does not apply. *See Tremble v. Wells Fargo Home Mortg., Inc.*, 478 Fed. Appx. 164, 166 (5th Cir. 2012) ("The UCC . . . does not govern the mortgage, a lien on real property." (citing Tex. Bus. & Com. Code Ann. § 9.109(d)(11) (excluding "the creation or transfer of an interest in or lien on real property"); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex.App.—San Antonio 1998, no pet. h.)); *Long v. NCNB–Texas Nat'l Bank*, 882 S.W.2d 861, 864 (Tex.App.–Corpus Christi 1994, no writ) (same).

Accordingly, the Court grants SPS' Motion regarding Plaintiffs' UCC claims.

## V.     Plaintiffs' FCRA Claim

SPS contends that Plaintiffs' FCRA claim under 15 U.S.C. § 1681s-2(b) fails because Plaintiffs provide no evidence that Borrower "disputed any credit reporting by Defendant with a consumer credit reporting agency or that any such agency notified Defendant of any such dispute."[2] (Doc. No. 87 at 14). Further, SPS argues that there is no evidence of any FCRA violation or any damages from a violation. (*Id.*). In their Complaint, Plaintiffs assert that they submitted "written disputes" directly to SPS and the credit reporting agencies ("CRAs") but "SPS failed to conduct a reasonable investigation and continued reporting inaccurate information." (Doc. No. 63 at 19). Plaintiffs allege this "impacted Plaintiffs' credit scores and financial standing," resulting in Johnson being denied approval for an auto loan. (*Id.* at 20); *see* (Doc. No. 63-1 at 131–135) ("Credit Report and Auto Loan Denial Correspondence").

Under 15 U.S.C. § 1681s-2(b), after receiving notice from a CRA of a dispute "with regard to the completeness or accuracy of any information provided," a furnisher of information to a CRA must "conduct an investigation with respect to the disputed information;" "review all relevant information provided" by the CRA; and "report the results of the investigation" to the CRA. 15 U.S.C. § 1681s-2. To trigger these duties, however, a consumer must notify a CRA directly, or indirectly through a reseller, of a dispute. *See* 15 U.S.C.A. § 1681i(a)(1)(A). Plaintiffs provide no evidence that they notified a CRA, or SPS, of any dispute regarding their reported information. At best, Plaintiffs merely show that they notified SPS that they disputed their debt on January 13, 2025, providing the letter entitled "Notice of Dispute" as evidence.[3] *See* (Doc. No. 63 at 8); (Doc.

---

[2] SPS notes that "[p]resumably this claim is asserted by Borrower only, since Robert's [sic] Bishop's credit profile, if any, could not possibly have been affected by any credit reporting to the Loan since he was not a borrower under the Loan." (Doc. No. 87 at 13).

[3] While the letter is dated "January 13, 2024," it notes that it is responding to Mackie Wolf Zientz & Mann, P.C.'s request to speak with Robert Bishop, which was dated January 3, 2025. *See* (Doc. No. 63-1

No. 63-1 at 76) ("Calariell Johnson's Notice of Dispute with Cease and Desist and Certificate of Trust"). Additionally, Plaintiffs provide no evidence that SPS received a dispute notice from a CRA. Therefore, Plaintiffs have not raised a material issue of fact that SPS had a duty under 15 U.S.C. § 1681s-2(b).

Accordingly, Plaintiffs have not provided evidence establishing the elements of their FCRA claim. Plaintiffs' FCRA claim, therefore, fails as a matter of law and the Court grants SPS' Motion for Summary Judgment regarding this claim.

## VI. Plaintiffs' Remaining Claims

Lastly, Plaintiffs assert claims for declaratory relief, unjust enrichment, and injunctive relief. *See* (Doc. No. 63 at 20–26). While SPS' Motion addresses the injunctive relief claim, Plaintiffs' Complaint explicitly states that such claim is asserted against only Honest Land, not SPS. *See* (*Id.* at 23). Accordingly, the Court only addresses Plaintiffs' claims for declaratory relief and unjust enrichment.

### A. Plaintiffs' Declaratory Judgment Claim

Plaintiffs seek a declaration (1) that "the May 6, 2025 foreclosure sale is void or voidable;" (2) "affirming Plaintiffs' continued right to possess and protect the property;" (3) for "[e]quitable relief, including an injunction to prevent eviction or dispossession during the pendency of this case;" and (4) clarifying "legal status to remove the cloud on title and prevent further injury." (Doc. No. 63 at 22). SPS contends that Plaintiffs' claim for declaratory relief must fail because Plaintiffs cannot prevail on any of their underlying claims discussed above and, therefore, there is no actual, continuing controversy between the two parties. (Doc. No. 87 at 14–15).

---

at 69). For the purposes of this Motion, the Court presumes that 2024 was written in error and the correct date of the letter was "January 13, 2025."

The Court agrees with SPS – Plaintiffs' claim for declaratory relief is "merely a theory of recovery" for the claims discussed above. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996). "The Texas Uniform Declaratory Judgments Act is merely a procedural device; it does not create any substantive rights or causes of action." *Id.* (citing *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1302 (5th Cir. 1993)). Thus, "[w]here all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive." *Longino v. Select Portfolio Servicing, Inc.*, 2019 WL 2369302, at *5 n.36 (S.D. Tex. June 5, 2019) (citing *Ayers v. Aurora Loan Services, L.L.C.*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011)). Since SPS is entitled to summary judgment on all of Plaintiffs' substantive claims, Plaintiffs' claim for declaratory relief is dismissed.

### B. Plaintiffs' Unjust Enrichment Claim

Plaintiffs maintain that SPS "wrongfully retained and benefited from payments made by Plaintiffs despite lacking lawful authority to enforce the mortgage or initiate foreclosure proceedings." (Doc. No. 63 at 22). Specifically, Plaintiffs allege that SPS unjustly retained over $100,000 in mortgage payments. (*Id.* at 23). In its Motion, SPS contends that Plaintiffs' claim fails not only because there is no evidence that SPS was unjustly enriched, but also because unjust enrichment is "based on quasi-contract" and is "unavailable when a valid, express contract governing the subject matter of the dispute exists." (Doc. No. 87 at 15) (citing to Doc. Nos. 87-2, 87-3 (Johnson's Note and Deed of Trust)).[4]

"In Texas, unjust enrichment is based on quasi-contract and is unavailable when a valid, express contract governing the subject matter of the dispute exists." *Coghlan v. Wellcraft Marine*

---

[4] The Court notes that while the Note and Deed of Trust refer to the "Lender" as Bank of America, N.A., *see* (Doc Nos. 87-2, 87-3), later recorded assignments assign that interest to SPS. *See* (Doc. No. 87-4 at 1–6).

*Corp.*, 240 F.3d 449, 454 (5th Cir. 2001) (citing *Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex. 1964); *Burlington Northern Railroad Co. v. Southwestern Electric Power Co.*, 925 S.W.2d 92, 97 (Tex. App.—Texarkana 1996), aff'd sub nom. *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467 (Tex. 1998)). In this case, the Note and Deed of Trust govern Plaintiffs' mortgage payments. *See* (Doc. Nos. 87-2, 87-3). As discussed above, Plaintiffs fail to show any plausible facts indicating that SPS was unjustly enriched through foreclosure on the Property. SPS acted in accordance with its contractual rights under the Deed of Trust. *See* (Doc. No. 87-4 at 1–6) (assigning rights to SPS).

Accordingly, Plaintiffs' unjust enrichment and declaratory judgment claims fail as a matter of law. The Court grants SPS' motion regarding Plaintiffs' remaining claims.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** SPS' Motion for Summary Judgment. (Doc. No. 87). Plaintiffs' claims against SPS are hereby dismissed.

Signed on this 26th day of February 2026.

Andrew S. Hanen
United States District Judge